Argued October 27, affirmed November 23, petition for review
denied December 22, 1970

## STATE OF OREGON, *Respondent,*
## *v.* MICHAEL ALLEN REED,
### *Appellant.*

476 P2d 937

*H. Thomas Evans,* Eugene, argued the cause for appellant. With him on the briefs were Barber & Evans, Eugene.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY, FORT and BRANCHFIELD, Judges.

## FORT, J.

Defendant and another were convicted by the court[①] of the crime of entering a motor vehicle with intent to steal. He alone appeals, and on the sole ground that his motion for judgment of acquittal and for a directed verdict should have been granted.

Accordingly the evidence must be examined in the light most favorable to the state. *State v. Zauner*, 250 Or 105, 441 P2d 85 (1968); *State v. Thornton*, 246 Or 377, 425 P2d 529 (1967). The incident occurred between 3.45 a.m. and 4 a.m. on the premises of a major wholesale beer distributor. The building was in an outlying heavy commercial, light industrial area of Eugene and was bordered on one side by a railroad track. Eight of the company's van-type distribution trucks were parked side by side in the company parking lot, close together in a row at right angles to the loading dock, with just sufficient passageway between them to enable a person to move freely.

Over a period of several months there had been a series of truck and building break-ins in that area. As a result city police cars closely patrolled both the

---

[①] We note that defendant's decision to waive trial of the facts to the jury was made by him at the conclusion of the state's case and after the judge had ruled favorably on his motion to suppress an alleged statement made by him to the police following his arrest. This was suppressed solely because it was not made in the presence of his codefendant, who has not appealed. We have not here considered that statement, since both parties have assumed that the trial court could not and did not consider it in reaching its verdict. Thus we do not decide whether the court, sitting without a jury, could have considered that statement against the defendant making it and not against the absent codefendant.

area generally and the beer distributor lot and premises in particular. On the night in question the police cars used an established modus operandi in their patrol whereby the patrol car came upon the parking lot quietly with its lights out, going slowly at right angles to the line of parked trucks and parallel to the loading dock, relying on the lights in the vicinity for reasonable visibility while they checked out the trucks and the area. Patrol vehicles examined the area at about 3:30 and again at about 3:45. Nothing was amiss. Another patrol car, carrying two officers and using the established modus operandi, came on the lot at about 4 a.m. The officers observed that a side door on one of the trucks was open, and two cases of beer were on the ground beside the door. The truck was one of those in the center of the line. Promptly the officers stopped and jumped from their car, one officer running toward one side of the building, the second to its other side. The latter ran north along the west side of the building beside the loading dock. As he came around the corner he observed two men running away from the building a few feet ahead of him. The pursuit continued in darkness over rough terrain, much of it overgrown, for at least two blocks, despite the officer's clearly announced order to halt. The two fleeing men separated and ran in different directions during the chase. Both were apprehended at that time, each by a different officer. Examination of the truck showed that a padlock on the side door had been removed in some manner. It was not located. Neither defendant, when caught, had padlock, key or pry bar on his person. A subsequent search of the area located none. When the officer first actually observed the men they were approximately 80 feet from the broken into van truck running away at a high rate of speed. No identifiable

fingerprints were found on truck or beer cases, and no gloves were found on the defendants or in the area. Defendant Reed offered the testimony of a relative to show that he ran because he was A.W.O.L. from the military.

Defendant Reed contends the foregoing circumstantial evidence is insufficient as a matter of law to sustain the court's judgment. The state concedes that it is a circumstantial evidence case and that the question here is a close one, but vigorously contends that it is sufficient in law to support the verdict.

In his brief appellant concedes that "presence at the time and place the crime is committed and flight therefrom is strong circumstantial evidence of guilt." *State v. Colson*, 251 Or 624, 447 P2d 302 (1968). He contends, however, that the evidence shows only that he was near the place of the crime, not at it, since he was approximately 85 feet away and on the opposite side of the building from the truck when the officer first saw him.

Here, however, the evidence also shows that the defendants' flight coincided precisely with the time that the officers arrived at the scene, that when they were discovered in the act of flight they were on the opposite side of the building from where the crime had been committed, that at most a few seconds had elapsed between the time the police saw the truck had been broken into, with the two cases of beer on the pavement beside its open door, and the time the officer observed the defendant in full flight at a distance of not more than a few feet from him and less than 100 feet from where the crime was committed.

The evidence established that a person traveling along the rear of the trucks on the loading platform or

on the ground would have been obscured by the truck bodies from the view of the policemen as they ran across the lot. It was a reasonable and necessary inference that the defendants could only have observed the police car stop and the officers begin their rapid pursuit had they been in the immediate proximity when the car stopped, rather than on the opposite side of the building, where they were when the police first saw them. They could not otherwise have observed the police car stop or the police begin their swift pursuit. Here the presence of the defendants in full flight less than 100 feet from the place where and within a very few seconds of the time when the crime was committed was established by direct, not circumstantial, evidence. It was only the ultimate fact that it was these defendants who in fact broke into the truck with intent to steal which was based on circumstantial evidence.

24A CJS 826, Criminal Law § 1882, states:

"A conviction based on circumstantial evidence will not be disturbed where the evidence reasonably tends to prove the guilt of accused."

Here the evidence not only "reasonably tends to prove the guilt of accused," but with the inferences which are fairly drawn from it, excludes "every other reasonable hypothesis except that of guilt." 24A CJS 826, 828, Criminal Law § 1882.

The judgment is affirmed.